a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PHILLIP HEARD #777907,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-01009<br>SEC P |
| VERSUS | JUDGE DRELL |
| SHERIFFS OFFICE RAPIDES PARISH ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaints (ECF Nos. 1, 6, 8) under 42 U.S.C. § 1983 filed by pro se Plaintiff Phillip Wayne Heard ("Heard"). Heard is an inmate at the Marksville Detention Center. He claims that he was denied medical care while in the custody of the Rapides Parish Sherriff.

Because Heard failed to comply with the Court's Order regarding service of process, the Complaint and Amended Complaints (ECF Nos. 1, 6, 8) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Heard alleges that his hand was broken in an "altercation" in October 2022. ECF No. 1 at 3. He claims that a physician's assistant instructed Defendant Nurse Evelynne to schedule an appointment with an orthopedic surgeon. *Id.*

Heard was placed in an isolation cell "directly across from the nursing/medical station." ECF No. 8. He requested follow-up from Nurse Evelynne every day

thereafter until he was transferred to another facility four months later. *Id.* Heard asserts that his requests for treatment were ignored, including requests for pain relievers. He also claims he was never examined by the orthopedic surgeon as ordered by the physician's assistant. *Id.*

The Clerk of Court issued documents for service of process. ECF No. 9. Heard was ordered to complete the forms and return them to the Clerk of Court for service by the U.S. Marshals Service. *Id.*

II.   **Law and Analysis**

A district court may dismiss an action for a plaintiff's failure to prosecute or to comply with any order. *See* Fed. R. Civ. P. 41(b). The dismissal may occur upon the motion of the defendant or the Court's own motion. The authority to dismiss sua sponte is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980). Additionally, the Court's Local Rules provide for dismissal by the Clerk or any judge for lack of prosecution where service of process is not timely made. L.R. 41.3 (W.D. La.).

Heard was ordered to return the documents for service of process by January 8, 2024. ECF No. 9. To date, Heard has failed to comply or request an extension of time within which to do so.

2

## III. Conclusion

Because Heard has failed to comply with the Court's Order, IT IS RECOMMENDED that the Complaint and Amended Complaints (ECF Nos. 1, 6, 8) be DISMISSED WITHOUT PREJUDICE under Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 27, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE